13-3087-cv
Cnty. of Westchester v. U.S. Dep't of Housing and Urban Dev., et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of September, two thousand and thirteen.

PRESENT:  JOHN M. WALKER, JR.,
          PIERRE N. LEVAL,
          RICHARD C. WESLEY,
                    *Circuit Judges.*

───────────────────

COUNTY OF WESTCHESTER,

                    *Plaintiff-Appellant,*

          -v.-                              No. 13-3087-cv

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, SHAUN L.S. DONOVAN, as Secretary of HUD,

                    *Defendant-Appellant.*

───────────────────

FOR APPELLANT:          ROBERT F. MEEHAN, Westchester County Attorney,
                        White Plains, NY.

FOR APPELLEES:          DAVID J. KENNEDY, Assistant United States Attorney
                        (Emily E. Daughtry, Assistant United States Attorney,
                        *on the brief*), *for* Preet Bharara, United States Attorney for
                        the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the motion for a temporary restraining order and a preliminary injunction is **DENIED**. The appeal is **DISMISSED** as moot as to Count IV of the Complaint.

The County of Westchester ("County") moves for a temporary restraining order and a preliminary injunction, enjoining the United States Department of Housing and Urban Development ("HUD") and its Secretary from reallocating federal funds previously allocated, but never distributed, to the County. We assume the parties' familiarity with the factual and procedural background of the case.

The appeal, as it concerns 42 U.S.C. § 12711 (Count IV), is dismissed as moot. HUD has acknowledged that the County has promoted source-of-income

legislation to its satisfaction and this no longer presents an impediment to the allocation of fiscal year 2011 funds to the County.

The district court held that it lacked subject matter jurisdiction over the County's claims under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06. *See Cnty. of Westchester v. U.S. Dep't of Housing and Urban Dev., et al.*, No. 13-cv-2741(DLC), 2013 WL 4400843, at *3-5 (S.D.N.Y. Aug. 14, 2013). There are strong arguments to be advanced that we lack jurisdiction. "The APA is not an independent grant of subject matter jurisdiction. Rather, it waives the federal government's sovereign immunity" for certain categories of actions. *Lunney v. United States*, 319 F.3d 550, 557-58 (2d Cir. 2003) (citations omitted). This waiver does not permit a plaintiff to challenge an action that "is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Thus, even when Congress has not explicitly barred judicial review, it is not to be had when the applicable statute "is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler v. Chaney*, 470 U.S. 821, 830 (1985).

The County's complaint challenges the Secretary's determination that the County failed to submit sufficient evidence demonstrating that it will

affirmatively further fair housing. The governing statutes, however, do not identify what acts are contemplated in the term "affirmatively further," nor do they define an evidentiary burden, but only state that the fund applicant must submit "supporting evidence" with its certification. *See* 42 U.S.C. §§ 5304(b)(2), 12704(21). The statutes require only that certification establish the applicant's commitment to furthering fair housing to the "satisfaction of the Secretary." *Id.* § 5304(b).

We need not decide whether "affirmatively further" sets a meaningful standard for review. Even assuming that it does, the County has not demonstrated a likelihood of success on the merits. To meet this requirement, "[i]t is not enough that the chance of success on the merits be better than negligible." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quotation marks omitted). Here, the County is unlikely to succeed on the merits.

We have considered all of the County's arguments and find them to be without merit. For the reasons stated above, the motion for a temporary restraining order and a preliminary injunction is **DENIED**. The appeal as to Count IV of the Complaint is **DISMISSED** as moot.[1]

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

---

[1] This Court is aware that the funds at issue lapse on October 1, 2013. Should HUD reallocate the funds, or should they lapse without allocation, the parties or a future merits panel of this Court might well find the controversy moot. *See Cnty. of Suffolk v. Sebelius*, 605 F.3d 135, 144 (2d Cir. 2010).